IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WAYNE ANTHONY STEWART,

    Plaintiff,

    v.

JORGE A. DOMINICIS, et al.,

    Defendants.

Case No. 24-3058-JWB-ADM

## ORDER

Plaintiff Wayne Anthony Stewart, a pretrial detainee at the Wyandotte County Detention Center ("WCDC") in Kansas City, Kansas, filed this pro se civil action pursuant to 42 U.S.C. § 1983, alleging inadequate medical care. (ECF 1.) Correct Care Solutions, now known as Wellpath LLC ("Wellpath"), provided medical services at WCDC, and Stewart names as defendants Wellpath CEO/President, Jorge Dominicis; Wellpath Chairman and Founder, Jerry Boyle; Wellpath nurse practitioners Amie Fabah-Ezeogu and Alicia Jones, who work at WCDC; and Wellpath employee and Medical Department Administrator at WCDC, Dee Dee Gregory (collectively, "defendants").

On November 19, 2024, defendants filed a Suggestion of Bankruptcy and Notice of Stay, stating that Wellpath (also referred to as "Debtor") filed for bankruptcy and that the United States Bankruptcy Court for the Southern District of Texas had entered an order extending the automatic bankruptcy stay to proceedings against non-debtor defendants affiliated with Wellpath, such as this one. (ECF 19.) Based on the suggestion and notice, the court recognized that the case was stayed. (ECF 20.) On December 10, 2024, Stewart filed a response to the suggestion and notice, asserting that the bankruptcy stay only extends to proceedings in which Wellpath itself is named

as a defendant and, thus, not to this case. (ECF 22.) The court construed Stewart's filing as a motion to lift the stay. (ECF 24.)

On January 14, 2025, the bankruptcy court entered an amended order directed at the automatic stay. (ECF 28-1). The amended order clarified that the automatic stay extends to "any lawsuit against a Non-Debtor Defendant, regardless [of] if a Debtor is a named party in the lawsuit, that may have a direct impact, whether monetary or otherwise, on the Debtors' estates, including without limitation lawsuits that assert claims where an insurance policy under which the Debtor is a beneficiary may be responsible for the satisfaction of the underlying claim(s)." (*Id.* at 1 n.3.) The bankruptcy court then ordered:

> Any claims or causes of action that have been or may be asserted against any of the . . . current or former employees of the Debtor to the extent the Debtors are not named defendants in the underlying lawsuit, are stayed pursuant to section 362, and to the extent applicable section 105, of the Bankruptcy Code on an interim basis to and including February 18, 2025, to provide the Debtors the opportunity . . . to confirm and substantiate the scope and extent of Debtors' indemnification obligations owed to these parties as well as any relevant insurance considerations.

(*Id.* at 3-4.) Finally, the bankruptcy court noted that it "retain[ed] exclusive jurisdiction over any matter arising from or related to the implementation, interpretation, and enforcement of this Order." (*Id.* at 7.)

Thus, it is now clear that the automatic bankruptcy stay—in effect until at least February 18—applies to this action. Accordingly, the court denies Stewart's motion to lift the stay at this time. The court notes, however, that the bankruptcy court has set up a process for "any plaintiff who intends to avail themselves of their rights under the United States civil justice system and pursue claims or causes of action subject to the automatic stay set forth in this Order" to seek a

determination that the automatic stay does not apply to their claims.  (*Id.* at 4.)  This process appears to be available to Stewart.

**IT IS THEREFORE ORDERED** that Stewart's motion to lift the stay (ECF 22) is denied without prejudice to being reasserted after February 18, 2025.

**IT IS FURTHER ORDRED** that defendants file a status report by **February 28, 2025**, informing the court on the status of the bankruptcy court stay and its application to this case.

Dated January 21, 2025, at Kansas City, Kansas.

s/ Angel D. Mitchell  
Angel D. Mitchell  
U.S. Magistrate Judge