IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WAYNE ANTHONY STEWART,

    Plaintiff,

    v.

JORGE A. DOMINICIS, *et al.*,

    Defendants.

Case No. 24-3058-JWB-ADM

## ORDER

Plaintiff Wayne Anthony Stewart, a pretrial detainee at the Wyandotte County Detention Center ("WCDC") in Kansas City, Kansas, filed this pro se civil action pursuant to 42 U.S.C. § 1983, alleging inadequate medical care. (ECF 1.) Before the court is Stewart's Motion for Appointment of Counsel at Plaintiff's Expense. (ECF 53.) In the motion, Stewart recognizes that he does not have a constitutional right to appointed counsel, *see Durre v. Dempsey,* 869 F.2d 543, 547 (10th Cir. 1989) (per curiam), but asks the court to appoint him counsel in its discretion after applying the "*Ulmer* factors." (ECF 53, at 2-3 (citing *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982).)

Stewart's motion is denied. In *Ulmer*, the Fifth Circuit recognized that in "exceptional circumstances," 28 U.S.C. § 1915 permits a court to appoint counsel for an *indigent* plaintiff asserting a § 1983 claim. 691 F.2d at 212-13. The Tenth Circuit follows the same approach. *See, e.g., Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006) (per curiam); *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004). The hurdle Stewart faces, however, is that § 1915—the statute *Ulmer* relied on as the authority for appointment of counsel—does not apply here. *See Clark v. 10 Roads Express*, No. 22-2365-EFM-ADM, 2022 WL 4447413, at *2 n.1 (D.

Kan. Sept. 23, 2022) (holding 28 U.S.C. § 1915(e)(1) "does not apply here because the court recommended that the district judge deny [plaintiff's] motion to proceed [as a pauper]"). In this case, Stewart paid the court filing fee on May 7, 2024, and his motion states that he has the financial means to pay an attorney. Stewart has cited no authority that authorizes the court to appoint counsel in a § 1983 action for a party who is not indigent. Thus, the court denies Stewart's request for appointment of counsel.

Stewart's motion also asks the court to extend the deadlines in the Scheduling Order (ECF 45) by at least 90 days. (ECF 53, at 2.) The basis for this request is unclear. If it is tied to Stewart's request for court-appointed counsel, this order moots the request. But if Stewart is seeking to extend scheduling-order deadlines for a different reason, he may file a new motion pursuant to Federal Rule of Civil Procedure 16(b)(4).[1] But at this juncture, without more information as to why Stewart is requesting the extension, the request is denied.

Finally, Stewart asks the court to "secure an independent expert to assist the court under [Federal Rule of Civil Procedure] 706 to establish deviation from the standard of care of chronic hep-C patients['] progression to cirrhosis of the liver under the defendants['] standard of care monitoring technique, delay in administering antiviral therapy drugs, to cure plaintiff's hep-C." (ECF 53, at 4.) Although Rule 706(a) and D. Kan. Rule 26.4 authorize the court to appoint an expert witness, "courts rarely exercise this power." *Rachel v. Troutt*, 820 F.3d 390, 397 (10th Cir. 2016). "This is because the purpose of the rules 'is to appoint an expert to assist the *court*, not a

---

[1] Rule 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent." The Tenth Circuit has described Rule 16(b)(4)'s good-cause standard as requiring the movant to show that "existing scheduling order deadlines cannot be met despite the movant's diligent efforts." *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 988–89 (10th Cir. 2019).

party.'" *Lund v. Miller*, No. 23-3184-HLT-RES, 2024 WL 5707831, at *1 (D. Kan. Oct. 30, 2024) (emphasis in original) (quoting *Hervey v. United States*, No. 19-4033-SAC-ADM, 2020 WL 8366548, at *1 (D. Kan. Feb. 19, 2020)). "The rules are not intended to benefit one party over the other or to serve 'as a substitute for a retained expert witness under Fed. R. Civ. P. 26(a)(2).'" *Id.* (quoting *Miles v. Conrad*, No. 16-3152-EFM, 2018 WL 994705, at *2 (D. Kan. Feb. 21, 2018), *aff'd*, 805 F. App'x 607 (10th Cir. 2020)). Stewart has not identified any "unique circumstances of his incarceration that would prevent him from soliciting experts" on his own behalf. *Id.* For this reason, Stewart's motion also is denied as to this request.

**IT IS THEREFORE ORDERED** that Stewart's Motion for Appointment of Counsel at Plaintiff's Expense (ECF 53) is denied in all respects.

Dated July 11, 2025, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge
