UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WAYNE ANTHONY STEWART,

    Plaintiff,

    v.                                             Case No. 24-3058-JWB-ADM

JORGE DOMINICIS, et al.,

    Defendants.

## **MEMORANDUM AND ORDER**

Plaintiff Wayne Anthony Stewart filed this pro se civil action under 42 U.S.C. § 1983, alleging he was provided inadequate medical care while a pretrial detainee at the Wyandotte County Detention Center ("WCDC") in Kansas City, Kansas. (ECF 1.) Correct Care Solutions, now known as Wellpath LLC ("Wellpath"), provided medical services at WCDC. Stewart's original complaint named as defendants Wellpath CEO/President Jorge Dominicis, Wellpath Chairman and Founder Jerry Boyle; Wellpath nurse practitioners Amie Fabah-Ezeogu and Alicia Jones; and Wellpath employee and Medical Department Administrator at WCDC, Dee Dee Gregory (collectively, "defendants"). Stewart now moves for leave to file an amended complaint that would add a Fourteenth Amendment *Monell* claim against Wellpath and, under the non-delegable duty doctrine, against the Unified Government of Wyandotte County, the Wyandotte County Board of Commissioners, and the Wyandotte County Sheriff. (ECF 56.)

The court must deny Stewart's motion because he has not attached to it his proposed amended complaint. District of Kansas Rule 15.1(a) governs motions for leave to file amended pleadings. Subsection (a)(2) requires the party moving to amend to "attach the proposed pleading" to the motion. Stewart has attached a document to his motion, but the document appears to be a copy of his original complaint with the addition of three pages at the end. (ECF 56-1.) Two of

the additional pages are identical copies of earlier pages of the complaint and the last additional page is an identical copy of the certificate of service page from his reply to the *Marinez* report (ECF 10). The attached document is not titled an "amended complaint," but more importantly, does not mention any of the proposed additional defendants, nor the allegations and claims plaintiff asserts against them. Although plaintiff discusses his proposed additional claims and allegations in the motion for leave to amend, this is not sufficient to satisfy the requirement. Rather, plaintiff must prepare a proposed amended complaint to which a named defendant could respond. *See generally* FED. R. CIV. P. 8 & 10; D. KAN. RULE 9.1(f). This denial of Stewart's motion for leave to file an amended complaint is without prejudice to Stewart filing a new motion that attaches a proposed amended complaint including his new proposed claims and allegations against Wellpath, the Unified Government of Wyandotte County, the Wyandotte County Board of Commissioners, and the Wyandotte County Sheriff.

The court makes one final observation in the event Stewart files a renewed motion to amend. Defendants responded to Stewart's current motion, opposing the addition of Wellpath on futility grounds. Specifically, they assert that the Bankruptcy Court for the Southern District of Texas entered an order that discharged all claims against Wellpath and entered a permanent injunction barring litigation against Wellpath based on acts that occurred before the bankruptcy reorganization plan. (ECF 60.) The court has reviewed the bankruptcy court's order—including Exhibit A to the order, the Wellpath reorganization plan. (ECF 60-1.) Of note, the plan contains a provision for giving incarcerated individuals with certain known claims notice of an opportunity to opt-out of a release of claims. (*Id.* at 53.) The order also discusses the release of claims being at arms-length and in return for benefit received. (*See id.* at 15.) Should Stewart be given leave to file an amended complaint asserting a claim against Wellpath and should defendants seek to

3

dismiss such claim based on the bankruptcy court order, defendants would be well advised to present a more well-developed and cogent argument explaining how they believe those provisions pertain to the claim at hand.

**IT IS THEREFORE ORDERED** that Stewart's motion for leave to file an amend complaint (ECF 56) is denied without prejudice.

Dated September 19, 2025, at Kansas City, Kansas.

s/ Angel D. Mitchell  
Angel D. Mitchell  
U.S. Magistrate Judge

3