IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WAYNE ANTHONY STEWART,

        Plaintiff,

v.                                                                                    Case No. 24-3058-JWB

JORGE A. DOMINICIS, *et al*.,

        Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on Plaintiff's objection to Magistrate Judge Mitchell's order from July 14, 2025, which 1) denied Plaintiff's request to appoint counsel and an expert witness at Plaintiff's expense and 2) denied Plaintiff's request to extend scheduling deadlines by 90 days due to Plaintiff's difficulty in meeting them. (Docs. 55, 59.) Defendants have not responded to Plaintiff's objection, and the time to do so has now passed. The court overrules Plaintiff's objection to Magistrate Judge Mitchell's order for the reasons stated herein.

Plaintiff is proceeding pro se. As a general rule, a pro se litigant's pleadings are to be "construed liberally" and held to a "less stringent standard" than pleadings drafted by lawyers. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, a court must not become an advocate for a pro se litigant. *See id*. Under Fed. R. Civ. P. 72(a), the district court "must consider timely objections [to a magistrate judge's nondispositive order] and modify or set aside any part of the order that is clearly erroneous or is contrary to law." The clearly erroneous standard requires this court to affirm any factual determination by the magistrate judge unless, on the entire evidence, it is left with the definite and firm conviction that a mistake has been made. *Hale v. Emporia State Univ.*, No. 16-4182-DDC, 2018 WL 1609552, *1 (D. Kan. Apr. 3, 2018) (citation omitted). A

1

magistrate judge's order is "contrary to law" if it fails to apply or misapplies relevant statutes, case law, or rules of procedure. *Id.* A district court must affirm a magistrate judge's decision unless "on the entire evidence," the district court "is left with the definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quotation omitted).

In his objection, Plaintiff argues that his exceptional circumstances warrant the court to intervene and appoint an attorney and/or expert witness to help him litigate his civil case. (Doc. 59.) However, Magistrate Judge Mitchell found that Plaintiff brought his case under 42 U.S.C. § 1983 and is not an indigent party under 28 U.S.C. § 1915. Therefore, Magistrate Judge Mitchell correctly ruled that Plaintiff did not qualify to have an attorney appointed in this civil case. The court's authority to appoint an attorney arises under § 1915 and is applicable only to indigent parties. Plaintiff paid the filing fee and is proceeding under § 1983. Based on the record, Plaintiff can afford to hire an attorney, he simply cannot find one who is willing to take his case. Under those circumstances, the court has no authority to interpose itself and compel some lawyer to take Plaintiff's case, even at Plaintiff's expense.

Additionally, Magistrate Judge Mitchell found that the power of the court to appoint an expert witness under Fed. R. Evid. 706 is to aid the court rather than aid an individual party. Although Plaintiff in his objection contends that he is seeking the appointment of an expert to aid the court, the undersigned is not convinced that he currently needs independent expert testimony nor are the issues in this case so unwieldly, complex, or technical that the court would require independent expert testimony. Thus, the court finds no error of law in Magistrate Judge Mitchell's ruling.

Finally, Plaintiff objects to the denial of his request to amend the scheduling order by adding 90 days to allow him to meet relevant deadlines.  Upon reviewing the record, the court does not find that the denial of a 90-day extension has been prejudicial to the plaintiff, nor has it prevented him from litigating this case.  Many of the relevant deadlines in the scheduling order (Doc. 45) have already passed, but this case is still at the motion to dismiss stage with both parties actively filing in it.  The court does not find that Magistrate Judge Mitchell's order was clearly erroneous.  Although his objection is overruled, Plaintiff is certainly welcome to refile his request to modify the scheduling order should the need arise again.

The court does not find any part of Magistrate Judge Mitchell's order that is clearly erroneous or is contrary to law.  Thus, Plaintiff's objection (Doc. 59) is OVERRULED.

IT IS SO ORDERED.  Dated this 20th day of November 2025.

                                                         _s/ John Broomes_____
                                                         JOHN W. BROOMES
                                                         CHIEF UNITED STATES DISTRICT JUDGE