UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WAYNE ANTHONY STEWART,

    Plaintiff,

    v.                                                     Case No.  24-3058-JWB-ADM

JORGE DOMINICIS, et al.,

    Defendants.

## MEMORANDUM AND ORDER

Plaintiff Wayne Anthony Stewart filed this pro se civil action under 42 U.S.C. § 1983, alleging he was provided inadequate medical care while a pretrial detainee at the Wyandotte County Detention Center ("WCDC") in Kansas City, Kansas.  (ECF 1.)  Correct Care Solutions, now known as Wellpath LLC ("Wellpath"), provided medical services at WCDC.  Stewart's original complaint named as defendants Wellpath CEO/President Jorge Dominicis, Wellpath Chairman and Founder Jerry Boyle; Wellpath nurse practitioners Amie Fabah-Ezeogu and Alicia Jones; and Wellpath employee and Medical Department Administrator at WCDC, Dee Dee Gregory (collectively, "defendants").  Stewart now moves for leave to file an amended complaint that would add a Fourteenth Amendment *Monell* claim against Wellpath and, under the non-delegable duty doctrine, against the Unified Government of Wyandotte County, the Wyandotte County Board of Commissioners, and the Wyandotte County Sheriff (together, "the Wyandotte County entities").  (ECF 68.)  For the reasons explained below, the motion is granted.

Stewart first sought leave on July 24, 2025, to file an amended complaint with his proposed new claims against Wellpath and the Wyandotte County entities.[1] (ECF 56.)  On September 19,

---

[1] Stewart's motion for leave to amend was timely under the scheduling order.  (ECF 45.) To the extent Stewart's renewed motions were filed after the scheduling-order deadline, the court

the court denied the motion on procedural grounds because Stewart did not attach his proposed amended complaint to the motion, as required by D. Kan. Rule 15.1(a)(2). (ECF 65, at 1.) The court ruled that the "denial of Stewart's motion for leave to file an amended complaint is without prejudice to Stewart filing a new motion that attaches a proposed amended complaint including his new proposed claims and allegations against Wellpath, the Unified Government of Wyandotte County, the Wyandotte County Board of Commissioners, and the Wyandotte County Sheriff." (*Id.* at 2.) Stewart filed a second motion for leave to file an amended complaint (again to assert the same proposed claims against Wellpath and the Wyandotte County entities) on October 16, but that motion also failed because Stewart did not attach the proposed amended complaint. (ECF 66, 67.) Just days later, Stewart tried again by filing the present motion for leave to amend his complaint, explaining in his cover letter to the Clerk of Court his efforts in attempting to cure his past deficiencies. (ECF 68-2.) Though not perfect, Stewart's present motion substantially complies with the D. Kan. Rule 15.1(a)(2) requirement by attaching a document to the motion that sets forth Stewart's proposed new claims against Wellpath and the Wyandotte County entities, including specific legal theories and facts in support. (ECF 68, 68-1.) In recognition of Stewart's pro se status, the court entered an order on November 4, notifying the parties that the court construed the attached document "as a proposed continuation of plaintiff's original complaint," explaining, "if the motion is granted, the court will direct the clerk's office to file a single document labeled 'Amended Complaint' that attaches ECF 68-1 to the end of ECF 1." (ECF 69.)

With that background set out, the court now proceeds to consider the substantive merits of Stewart's pending motion for leave to file an amended complaint. When, as here, a party can no

---

finds good cause to deem them timely, based on Stewart's diligence in attempting to quickly remedy his procedural missteps. *See* FED. R. CIV. P. 16(b)(4).

longer amend its pleading as a matter of course under Rule 15(a)(1), amendment is allowed "only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). "The court should freely give leave [to amend pleadings] when justice so requires." *Id.* In freely allowing leave to amend, the court provides litigants with "the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Warnick v. Cooley*, 895 F.3d 746, 755 (10th Cir. 2018) (quoting *Hardin v. Manitowoc–Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)). The court may only deny leave to amend for reasons such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of [the] amendment." *U.S. ex rel. Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161, 1166 (10th Cir. 2009) (alteration in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Practically speaking, the party opposing a motion to amend generally bears the burden to demonstrate why the amendment should not be permitted. *See Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010) (in the absence of such a showing, amendment should be allowed). Whether to grant leave to amend lies within the district court's discretion. *Warnick*, 895 F.3d at 755.

Here, defendants and Wellpath, in a joint brief in opposition, assert the court should deny leave to amend because the proposed amendment is futile as to Wellpath.[2] (ECF 70.) "A proposed amendment is futile if the [pleading], as amended, would be subject to dismissal." *Jefferson Cty. Sch. Dist. No. R-1 v. Moody's Inv'r's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999). In this context, the court considers whether the amended complaint could withstand a motion to dismiss

---

[2] The Wyandotte County entities, who are not yet parties, did not respond to the motion, so their views on the merits of Stewart's proposed amended complaint are unknown.

3

pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* 6 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1487 (3d ed.) (collecting cases). To withstand dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In analyzing whether dismissal is appropriate, the court must "accept the facts alleged in the complaint as true and view them in the light most favorable to the plaintiff." *Mayfield v. Bethards*, 826 F.3d 1252, 1255 (10th Cir. 2016).

Defendants and Wellpath's futility argument is based on Wellpath's recent Chapter 11 bankruptcy filing. They assert that on May 1, 2025, the Bankruptcy Court for the Southern District of Texas entered an order that discharged all claims against Wellpath and entered a permanent injunction barring litigation against Wellpath based on acts that occurred before the bankruptcy reorganization plan. (ECF 60.) Defendants and Wellpath contend that Stewart's proposed claims against Wellpath "fall directly within the discharge and are permanently enjoined." (ECF 70, at 3.) The court has reviewed the bankruptcy court's order—including Exhibit A to the order, the Wellpath reorganization plan. (ECF 60-1.) Of note, the plan contains a provision for giving incarcerated individuals with certain known claims notice of an opportunity to opt-out of a release of claims. (*Id.* at 53.) The order also discusses the release of claims being at arms-length and in return for benefit received. (*See id.* at 15.) Defendants and Wellpath argue that Wellpath published appropriate notice and, in any event, that the bankruptcy court has exclusive jurisdiction to address due-process notice challenges and all matters concerning the discharge/permanent injunction of claims against Wellpath. Thus, they assert, Stewart's proposed claims cannot be litigated in this court and would be subject to dismissal.

4

After reviewing Stewart's proposed additions to his complaint, the court does not find them *clearly* futile. To be clear, the undersigned is not deciding whether the amended claims against Wellpath ultimately would survive a subsequent challenge based on the bankruptcy release—they very well may not. *See Bailey v. Indical Mgmt., LLC*, No. 19-1283-HLT-TJJ, 2020 WL 1151317, at *3 (D. Kan. Mar. 10, 2020) ("This does not mean the amendments will survive a dispositive motion in the future, just that the proposed amendments do not appear clearly frivolous."). Rather, the court simply finds that defendants have not met the "high bar" of establishing that the amendments are *clearly* futile. *Prairie Band Potawatomi Nation v. Morse*, No. 24-4066-KHV-RES, 2025 WL 823246, at *4 (D. Kan. Mar. 14, 2025) (citing *Phelps v. State of Kan.*, No. 23-2206-DDC-RES, 2025 WL 743975, at *6 (D. Kan. Mar. 7, 2025) ("In order to deny a motion to amend on the basis of futility, the court requires more than a possibility that the claim would not survive a motion to dismiss; it must be established that the claim would be dismissed.")). This ruling does not preclude Wellpath from renewing arguments via a motion to dismiss filed in response to the amended complaint.

Also weighing in favor of granting the motion is the fact that the court finds no reason to deny Stewart leave to bring his proposed new claims against the Wyandotte County entities. Those claims are not clearly futile, and the court has not been presented with any argument as to why Stewart should not be given leave to bring them.

Given the present situation, the most efficient approach to reaching a determination of which, if any, of Stewart's claims will proceed is to allow the filing of the amended complaint and thereby tee up the issue for resolution by the presiding district judge. Once the new defendants

are served (or effectuate waivers of service), the case will be in a posture for any new motions to dismiss to be filed and addressed by the district judge.[3]

Finally, the court notes that defendants and Wellpath include statements in the introductory and concluding paragraphs of their opposition brief asserting that amendment would expand the litigation and cause undue prejudice. They include no explanation or specific facts to support their position, and the court accords no weight to such conclusory statements. Should newly served defendants contend that additional discovery is needed, the court envisions that such discovery would be minimal and is amenable to receiving a motion to amend the current scheduling order to ameliorate any potential prejudice.

In the end, the court is mindful of Rule 15's dictate to freely give leave to amend. Stewart's proposed claims are not clearly futile, and Wellpath may re-assert its arguments in a dispositive motion. Thus, the court exercises its discretion to grant Stewart leave to file an amended complaint.

**IT IS THEREFORE ORDERED** that Stewart's motion for leave to file an amend complaint (ECF 68) is granted.

---

[3] This approach is far more efficient than the undersigned magistrate judge issuing a report and recommendation to the presiding district judge as to Stewart's proposed new claims against Wellpath but simultaneously allowing Stewart to bring an amended complaint with his claims against the Wyandotte County entities. *See, e.g., Gardiner v. McBryde*, No. 15-3151-DDC, 2018 WL 6991101, at *1 n.3 (D. Kan. Oct. 5, 2018) (explaining that "[w]hen the Court denies a motion to amend based on futility, it can be construed as a dispositive action" and therefore requires a report and recommendation to the district judge). *See also, Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999) ("The futility question is functionally equivalent to the question whether a complaint may be dismissed for failure to state a claim, a question this court reviews de novo."); *Jackson v. Kan. Cnty. Ass'n Multiline Pool*, No. 03-4181-JAR, 2005 WL 3307215, at *1 (D. Kan. Dec. 6, 2005) (reviewing futility-based denial of motion to amend under de novo standard); *McCormick v. City of Lawrence, Kan.*, No. 02-2135-JWL, 2003 WL 158704, at *1 (D. Kan. Jan. 17, 2003) (same).

7

The court directs the Clerk of the Court to file a single document labeled "Amended Complaint" that attaches ECF 68-1 to the end of ECF 1, and to prepare and issue a waiver of service form for each new defendant pursuant to FED. R. CIV. P. 4(d), to be served upon each new defendant at no cost to Stewart.

Dated December 8, 2025, at Kansas City, Kansas.

s/ Angel D. Mitchell<br>
Angel D. Mitchell<br>
U.S. Magistrate Judge